UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRUTYN, N.V.,

    Plaintiff,

v.                                               Case No. 04-C-527

ANTHONY GAGLIANO, CO., INC.,
ANTHONY ("Tony") GAGLIANO,
RICHARD J. KOLLAUF, and
MICHAEL GAGLIANO,

    Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION TO CLARIFY AND GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

---

On July 10, 2006, the defendants, Anthony Gagliano Co., Inc., Anthony ("Tony") Gagliano, Richard Kollauf, and Michael Gagliano (referred to collectively as "Gagliano"), filed a motion to compel the production of documents. On July 28, 2006, the plaintiff, Brutyn N.V. ("Brutyn"), filed a renewed motion to compel the production of documents. Thereafter, on August 25, 2006, the court held a hearing on both Brutyn's renewed motion to compel the production of documents and Gagliano's motion to compel the production of documents.

At the hearing, the court read each of the disputed discovery requests, heard argument from the parties regarding each disputed discovery request, and made a specific finding with respect to each and every one of the disputed discovery requests, that is, all of the discovery requests that either the plaintiff or the defendants believed were in dispute. The court also requested that counsel for each party prepare and file a proposed order setting forth the court's rulings on their respective

motions to compel. Accordingly, on August 30, 2006, the plaintiff filed a proposed order regarding the plaintiff's renewed motion to compel, and on that same date, the defendants filed a proposed order regarding the defendants' motion to compel. After providing both parties time to object to the other party's proposed order, on September 5, 2006, the court ordered that the plaintiff's renewed motion to compel be granted in part and denied in part and that the defendants' motion to compel be granted in part and denied in part.

On October 25, 2006, Gagliano filed a "Motion for Clarification of Discovery Order as to Plaintiff's Renewed Document Request No. 5." On October 31, 2006, Brutyn filed a brief in opposition to Gagliano's motion to clarify as well as a motion for sanctions for failure to comply with the court's September 5, 2006 discovery order. As of today's date, Gagliano has not filed a reply brief in support of its motion to clarify.

The court's September 5, 2006 Order provides, in relevant part, as follows:

> **ORDERED**, that plaintiff's request shall be **GRANTED** and that within 30 days of this order, defendants shall produce all communications and documents not previously produced in this case related to <u>the transactions between plaintiff and defendants</u> during the period October 2002 through the last transaction in October 2003, including detailed accounting information as to the sale and other disposition of plaintiffs products showing dates, customer name, quantity sold or wasted and prices as well as all costs and other charges deducted from those sales to arrive at defendants' net profit on each transaction, in accordance with Plaintiff's renewed document Request No. 5.

(Sept. 5, 2006 Order at 1-2.) (emphasis added). To be sure, the underlined portion of the court's September 5, 2006 Order does not explicitly state that the defendants must produce documents relating to *all* of the transactions between the plaintiff and defendants during the specified time period. Yet, after reading the plain language of the Order, and giving such language its plain and ordinary meaning, I am satisfied that where the Order refers to "the" transactions between the

2

plaintiff and the defendants, it means "all of the" transactions between the plaintiffs and the defendants during the period October of 2002 through the last transaction in October of 2003.

However, the gist of Gagliano's argument is that it should not be required to produce documents related to *all* of the transactions between Brutyn and Gagliano during the course of their business relationship beginning with the first transaction in October of 2002 through the final shipment in October of 2003. Instead, Gagliano asserts that it should only be required to produce documents related to the approximately 27 transactions which were referenced in Brutyn's complaint, as those are the only transactions, that are, and ever have been, part of this action. Gagliano further asserts that Brutyn's request for documents relating to an additional 56 transactions, which are not referenced in the complaint, is not supported by the discovery dispute pleadings, or the representations of counsel for plaintiff at the hearing on August 25, 2006. According to Gagliano, "[a]t no time was anyone made aware that [the Renewed Document Request No. 5] encompassed an additional 56 transactions that Plaintiff has never disputed before, and that are not part of this action." (Def.'s Mot. at 4-5.) Thus, Gagliano moves the court for an order clarifying its September 5, 2006 Order by adding the following underlined language.

> **ORDERED**, that Plaintiff's request shall be **GRANTED** and that within 30 days of this order, Defendants shall produce all communications and documents not previously produced in this case related to the transactions between Plaintiff and Defendants <u>set forth in the Complaint</u> during the period October 2002 through the last transaction in October 2003, including detailed accounting information as to the sale and other disposition of Plaintiff's products showing dates, customer name, quantity sold and wasted and prices as well as all costs and other charges deducted from those sales to arrive at defendant's net profit in each transaction, in accordance with Plaintiff's renewed document Request No. 5.

(Def.'s Mot. at 6.)

3

Simply stated, if Gagliano was confused as to whether Brutyn's Renewed Document Request No. 5 encompassed *all* of the transactions between Brutyn and Gagliano beginning with the first transaction in October of 2002 through the final shipment in October of 2003, or whether the request encompassed only those transactions referenced in Brutyn's complaint, the appropriate time to object or seek clarification from the court was either at the hearing on the motions to compel, or by filing an objection to Brutyn's proposed order filed on August 30, 2006. At the hearing, and specifically during the discussion regarding Brutyn's Renewed Document Request No. 5, Brutyn's counsel stated that, according to Brutyn, "every transaction is still in dispute." (Def.'s Mot., Ex. 1 at 3.) Thus, it was, at the very least, insinuated by plaintiff's counsel that Renewed Document Request No. 5 encompassed not only those transactions referenced in the complaint but all of the transactions between Brutyn and Gagliano during the specified period of time. If Gagliano objected to such an interpretation of Renewed Document Request No. 5 it could have and should have sought clarification from the court regarding the scope of the documents sought in Renewed Document Request No. 5 at that time.

Furthermore, to the extent Gagliano is arguing that the only transactions that can be in dispute in this action are those that were referenced in Brutyn's complaint, its argument must fail. This is because a plaintiff is not required to set forth each and every transaction which it believes will be in dispute in its complaint. As provided in Federal Rule of Civil Procedure 8, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." And, although the plaintiff's complaint in this action is more analogous to a tome than a short and plain statement, it does not follow that the plaintiff is somehow prohibited from, at the very least, investigating whether other transactions between the parties are in dispute in this action. Under

4

the notice pleading system, the plaintiff and its counsel are not required to know all of the facts before they file a complaint. Indeed, the very purpose of discovery is to determine which facts are contested and uncontested in the case.

**NOW THEREFORE IT IS ORDERED** that the defendants' "Motion for Clarification of Discovery Order as to Plaintiff's Renewed Document Request No. 5" be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that <u>**on or before December 8, 2006**</u>, Defendants shall produce all communications and documents not previously produced in this case related to the transactions between Plaintiff and Defendants during the period October 2002 through the last transaction in October 2003, including detailed accounting information as to the sale and other disposition of Plaintiff's products showing dates, customer name, quantity sold and wasted and prices as well as all costs and other charges deducted from those sales to arrive at defendants' net profit in each transaction, in accordance with Plaintiff's renewed document Request No. 5.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this order the defendants shall pay the plaintiff the sum of $500.00 as a sanction for failing to comply with the court's September 5, 2006 discovery order.

**SO ORDERED** this <u>17th</u> day of November 2006, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

5