UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRUTYN, N.V.,

    Plaintiff,

    v.                                                           Case No. 04-C-527

ANTHONY GAGLIANO, CO., INC.,
ANTHONY ("Tony") GAGLIANO,
RICHARD J. KOLLAUF, and
MICHAEL GAGLIANO,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE SUMMARY JUDGMENT**

       This action was commenced on June 3, 2004, when the plaintiff, Brutyn, N.V. ("Brutyn"), filed a complaint in the Eastern District of Wisconsin alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, the Wisconsin Organized Crime Control Act ("WOCCA"), and the Perishable Agricultural Commodities Act ("PACA"), as well as claims of fraud, breach of contract, and breach of constructive trust/fiduciary duty.

       On May 5, 2005, the defendants, Anthony Gagliano Co., Inc., Anthony ("Tony") Gagliano, Richard J. Kollauf, and Michael Gagliano (referred to collectively as "Gagliano"), filed a motion for judgment on the pleadings, in which they sought dismissal of the RICO, WOCCA, fraud, and breach of constructive trust/fiduciary duty claims. On June 1, 2005, Brutyn filed its response to Gagliano's motion, along with the declaration of Marko Stegeman. In its response brief, Brutyn asked the court to consider Marko Stegeman's declaration and to treat the defendants' motion for judgment on the pleadings as a motion for partial summary judgment. In their reply brief the defendants treated their

motion for judgment on the pleadings as having been converted to a motion for partial summary judgment, and consequently, the court converted the defendants' motion for judgment on the pleadings into a motion for partial summary judgment. Thereafter, on November 29, 2005, the court granted the defendants' motion for partial summary judgment and dismissed the plaintiff's RICO, WOCCA, fraud, and breach of constructive trust/fiduciary duty claims with prejudice.

On October 13, 2006, Brutyn filed a "Motion to Vacate Summary Judgment Dismissing Plaintiff's Claims under Counts One through Three of the Complaint." On November 3, 2006, Gagliano filed its response, and on November 10, 2006, Brutyn filed its reply. Such being the case, Brutyn's motion to vacate summary judgment has been fully briefed and is ready for resolution. For the reasons which follow, Brutyn's motion to vacate summary judgment will be denied.

Brutyn brought this motion to vacate this court's order granting the defendants partial summary judgment pursuant to Federal Rule of Civil Procedure 60(b). However, Rule 60(b), "by its terms [is] limited to 'final' judgments or orders, [and thus,] is inapplicable to interlocutory orders." *Santamrina v. Sears Roebuck & Co.*, — F.3d —, 2006 WL 2979396, *1 (7th Cir. Oct. 19, 2006). Thus, because this court's order granting the defendants partial summary judgment is an interlocutory order, rather than a final order, Rule 60(b) is not applicable.

Federal Rule of Civil Procedure 54(b), however, is applicable. Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal &*

2

*Co.*, 827 F.2d 246, 251 (7th Cir. 1987). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment pursuant to Rule 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). However, in general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

To reiterate, Rule 59(e) allows a party "to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact," and enables the court to correct its own errors, thus avoiding unnecessary appellate proceedings. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Rule 59(e) does not, however, "'provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). Indeed, "in order for a court to consider new evidence in a motion to reconsider, the movant must show that the evidence 'could not, through the exercise of due diligence,' have been presented to the district court before the summary judgment decision was made." *Heft v. Moore*, 351 F.3d 278, 283 n.1 (7th Cir. 2003) (quoting *Rothwell Cotton Co.*, 827 F.2d at 251).

Here, Brutyn argues that prior to filing its response to the defendants' motion for judgment on the pleadings, the defendants failed to produce highly relevant and discoverable evidence and, had such evidence been produced before Brutyn responded to the defendants' motion for judgment on

3

the pleadings, the court might have reached a different result on such motion. The gist of Brutyn's argument is that given this newly discovered evidence, the court should re-open and/or revise its November 29, 2005 Order Granting the Defendants Partial Summary Judgment and Dismissing Counts One through Four. This court, however, will not do so. This is because, like a Rule 59(e) motion, a Rule 54(b) motion is not a vehicle for a party to introduce new evidence or advance arguments that could have been presented to the court prior to the entry of the original order. *See Bordelon*, 233 F.3d at 529; *Heft*, 351 F.3d at 283 n.1.

Brutyn argues that it was the defendants' misconduct that prevented Brutyn from presenting certain evidence to this court in its response to the defendants' motion for judgment on the pleadings. I disagree. While it may be true that the defendants objected to the production of various documents requested by the plaintiff in its First Request for Production of Documents, if the plaintiff was not satisfied with such objections and believed that it was necessary to examine such evidence (if such evidence existed) prior to filing its response to the defendants' motion for judgment on the pleadings, the plaintiff could have filed a motion to compel the defendants to produce such documents. Furthermore, it was the plaintiff who converted the defendants' motion for judgment on the pleadings into a motion for partial summary judgment by submitting Marko Stegeman's declaration with its response to the defendants' motion, thereby asking the court to consider facts outside the parties' pleadings. And, knowing that it had asked the court to consider facts outside the parties' pleadings, the plaintiff never requested the court to postpone further consideration of the defendants' motion for partial summary judgment until the plaintiff could complete further discovery pursuant to Federal Rule of Civil Procedure 56(f).

Thus, the "newly discovered" evidence that Brutyn is now asking this court to consider could have been presented to the court prior to its decision on the defendants' motion for partial summary judgment. And, given that a Rule 54(b) motion is not a vehicle for a party to introduce new evidence or advance arguments that could have been presented to the court prior to the entry of the original order, the plaintiff's motion to vacate, or more precisely, to revise the court's November 29, 2005 Decision & Order Granting the Defendants Partial Summary Judgment and Dismissing Counts One through Four will be denied.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion to vacate be and hereby is **DENIED**.

**SO ORDERED** this 17th day of November 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge