UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRUTYN, N.V.,

      Plaintiff,

      v.                                    Case No. 04-C-527

ANTHONY GAGLIANO, CO., INC.,
ANTHONY ("Tony") GAGLIANO,
RICHARD J. KOLLAUF, and
MICHAEL GAGLIANO,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S RULE 7.4 NONDISPOSITIVE MOTION FOR SANCTIONS, PLAINTIFF'S RULE 7.4 NONDISPOSITIVE MOTION FOR A CONTINUANCE, AND THE PLAINTIFF'S RULE 7.4 MOTION TO REOPEN DISCOVERY**

---

      On November 17, 2006, this court issued an order denying the defendants' motion to clarify the court's September 5, 2006 Order and granting the plaintiff's motion for sanctions. The court's November 17, 2006 Order provided, in relevant part, that

> **on or before December 8, 2006**, Defendants shall produce all communications and documents not previously produced in this case related to the transactions between Plaintiff and Defendants during the period October 2002 through the last transaction in October 2003, including detailed accounting information as to the sale and other disposition of Plaintiff's products showing dates, customer name, quantity sold and wasted and prices as well as all costs and other charges deducted from those sales to arrive at defendants' net profit in each transaction, in accordance with Plaintiff's renewed document Request No. 5.

(Nov. 17, 2006 Order at 5.)

      On December 15, 2006, the plaintiff filed a "Rule 7.4 Expedited Non-Dispositive Motion for Sanctions for Failure to Comply with November 17, 2006 Order to Produce Documents" and a

"Motion for Continuance of the Pretrial Proceedings and Trial Scheduled Pursuant to the August 28, 2006 Scheduling Order." In support of its motion, Brutyn asserts that the defendants "failed to comply with the November 17, 2006 order in that, with the exception of one transaction, they produced no documents showing the sale [or] other disposition of the produce delivered by Brutyn and no documents showing the costs and other charges deducted from those sales to arrive at defendants' net profit in each transaction." (Dec. 15, 2006 Mot. at 3.) On December 22, 2006, the defendants filed their response. In their response, the defendants assert that the "defendants do not have any additional communications or documents related to [their transactions with Brutyn]." (Dec. 22, 2006 Resp. at 1.) In support of this assertion, the defendants filed a sworn affidavit of Michael Gagliano. In his affidavit, Michael Gagliano avers, subject to the penalties of perjury, that he has "personally located and produced 833 pages of communications and documents, which are all of the communications and documents which AGCI [Anthony Gagliano Co., Inc.] and the defendants have in their possession in connection with AGCI's transactions with Brutyn since October 2002." (Gagliano Aff. at 1.)

On December 22, 2006, the plaintiff filed a "Rule 7.4 Expedited Non-Dispositive Motion to Reopen Discovery for the Purpose of Allowing Plaintiff to Enter onto the Premises of Defendants Anthony Gagliano Company, Inc. to Enter into its Computer Systems, Active and/or Backup, to Search, Retrieve, Restore, View, Extract, Copy and Reproduce Evidence Relevant to Plaintiff's Claims." In support of its motion, Brutyn asserts that it "questions the veracity" of the defendants' "allegation that the 833 documents produced by the defendants are all of the documents and communications relevant to Gagliano's transactions with Brutyn." (Dec. 22, 2006 Mot. at 3.) Brutyn further asserts that it believes that the defendants are "intentionally withholding crucial

information showing the defendants' resale or other disposition of produce delivered by Brutyn," and requests that

> this court re-open discovery for the purpose of permitting Brutyn [] to enter onto the premises of Gagliano to inspect and enter into its computers, network systems, operating systems, application software programs, information files of all types, includ[ing] deleted files, backup devices, and other processing and/or storage and electronic devices to search for, restore, and/or retrieve electronically stored information related to Gagliano's transactions with Brutyn including detailed accounting information showing the resale or other disposition of all of the produce supplied by Brutyn not previously produced in this case.

(Dec. 22, 2006 Mot. at 3.)

On January 2, 2007, the defendants filed their response. In their response, the defendants again assert that they have provided all of the communications and documents in their possession in connection with AGCI's transactions with Brutyn since October of 2002. The defendants further assert that allowing plaintiff unfettered admission to the Anthony Gagliano Company would give the plaintiff access to documents protected by the attorney-client privilege and to trade secrets of AGCI. (Jan. 2, 2007 Resp. at 2.)

On January 3, 2007, this court conducted a telephonic hearing on the plaintiff's Rule 7.4 Motion for Sanctions, Rule 7.4 Motion for a Continuance, and Rule 7.4 Motion to Reopen Discovery. After hearing argument by both parties, the court ordered that the plaintiff's Rule 7.4 Motions be denied.

During the hearing, counsel for the plaintiff argued that Brutyn does not believe Michael Gagliano's sworn declaration or defense counsel's statements, as an officer of the court, that the defendants have produced everything they have in their possession that responds to the court's November 17, 2006 Order. The gist of the plaintiff's argument is that the defendants are lying and

3

that the defendants do in fact have additional documents which respond to the court's November 16, 2006 Order within their possession.

In response, counsel for the defendants argued that the defendants have produced all documents in their possession in connection with AGCI's transactions with Brutyn since October 2002. As previously stated, before the court is an affidavit sworn to, under the penalties of perjury, by Michael Gagliano, Vice President of Anthony Gagliano, Company, Inc., which avers that the defendants have produced all documents in their possession in connection with AGCI's transactions with Brutyn since October 2002. In essence, the plaintiff argues that Michael Gagliano is perjuring himself in his sworn affidavit. However, the plaintiff has presented no evidence, other than plaintiff's counsel's own disbelief, in support of its argument that the defendants are intentionally withholding evidence.

Simply put, this court will not presume that a party is lying in a sworn affidavit subject to the penalties of perjury simply because the plaintiff disbelieves the proposition to which the party is swearing. Furthermore, this court cannot order a party to produce something that the party swears is not within the party's possession. Nor will this court authorize on the plaintiff's behalf a "private" search warrant so that plaintiff's counsel can enter upon the premises of the defendants to determine whether the defendants are lying and to determine whether additional documents in response to the court's November 17, 2006 Order are within the defendants' possession.

During the hearing, counsel for the defendants, and as an officer of the court, further represented that it was his understanding that Michael Gagliano's sworn affidavit was intended to communicate that there were no further documents in the possession of the defendants that are encompassed by the court's order of November 17, 2006. To be sure, in his December 21, 2006

4

affidavit, Michael Gagliano avers that he "personally located and produced 833 pages of communications and documents, which are all of the communications and documents which AGCI and the defendants have in their possession in connection with AGCI's transactions with Brutyn since October 2002." (Gagliano Aff. at 1.) However, in order to clarify the defendants' position, and to further ensure that the defendants are indeed representing, under the penalties of perjury, that no further documents encompassed by the court's November 16, 2006 Order are within their possession, the court will order the defendants to prepare a sworn declaration (of course, only if such a declaration is true and correct) setting forth that the defendants have produced:

> all communications and documents not previously produced in this case related to the transactions between Plaintiff and Defendants during the period October 2002 through the last transaction in October 2003, <u>including detailed accounting information as to the sale and other disposition of Plaintiff's products showing dates, customer name, quantity sold and wasted and prices as well as all costs and other charges deducted from those sales to arrive at defendants' net profit in each transaction</u> [that are in within their possession].

The defendants are cautioned that, if such a sworn declaration is filed, the court will construe such declaration as representing that a thorough search of the defendants' computer system and any type of computer backup system has been conducted by qualified personnel in order to locate any and all documents (including electronic documents) that respond to the court's November 16, 2006 Order, and that there are no documents in the defendants' computer system, computer backup system, or otherwise in their possession that are encompassed by the court's November 16, 2006 Order.

Accordingly, **<u>on or before January 11, 2007</u>**, the defendants are ordered to file either (1) a sworn declaration directly responding to the court's November 16, 2006 Order setting forth that no further documents (including electronic documents) are within their possession that are encompassed by the court's November 16, 2006 Order, or (2) a sworn declaration setting forth that, after

5

conducting an additional search as set forth above, additional documents which are encompassed by the court's November 16, 2006 Order were recovered and that such documents have been produced to the plaintiff.

Finally, it goes without saying that the defendants will be subject to all appropriate sanctions if at some later point in these proceedings documents encompassed by the court's November 16, 2006 Order which the defendants represented were not within their possession come to light.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's Rule 7.4 Motion for Sanctions be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's Rule 7.4 Motion for a Continuance be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's Rule 7.4 Motion to Reopen Discovery be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that **on or before January 11, 2007**, the defendants are to file either (1) a sworn declaration directly responding to the court's November 16, 2006 Order setting forth that no further documents (including electronic documents) are within their possession which are encompassed by the court's November 16, 2006 Order, or (2) a sworn declaration setting forth that, after conducting an additional search as set forth above, additional documents which are encompassed by the court's November 16, 2006 Order were recovered and that such documents have been produced to the plaintiff.

**SO ORDERED** this <u>4th</u> day of January 2007, at Milwaukee, Wisconsin.

<u>s/ William E. Callahan, Jr.</u>  
WILLIAM E. CALLAHAN, JR.  
United States Magistrate Judge